### Application of STAGG.

Railroad & Public Utilities Commission.
March 20, 1957.

John T. Bond, Miami, for the applicant.

Norman J. Bolinger, Kitchen & Schwarts, Jacksonville, for National Trailer Convoy, Inc., and Morgan Drive Away, Inc., protestants.

Chairman ALAN S. BOYD, commissioners JERRY W. CARTER and WILBUR C. KING participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to notice dated October 2, 1956, the commission by its duly designated examiner, J. B. Norman, held a public hearing on this application on October 17, 1956 in the commission hearing room at 2605 W. Flagler St., Miami.

On January 28, 1957 the executive secretary of the commission transmitted a copy of the examiner's proposed order to all parties of record. Fifteen days from the date of the executive secretary's notice were allowed within which to *file* exceptions. No exceptions were filed within the prescribed time limit. On February 13, therefore, the executive secretary transmitted the file to the legal department for recommendation. Protestants did not request any extension of time within which to file exceptions.

On February 14, the executive secretary received exceptions and a request for oral argument from protestants. Thereafter, on February 28, protestants filed a petition praying that the exceptions and request for oral argument be accepted in due course.

The phrase "within 15 days from the date of this notice" means that the exceptions should be received by the executive secretary at the commission office in Tallahassee within that time period.

The commission is of the opinion that all late filed exceptions should be rejected and not considered.

This record has been considered and the commission adopts the examiner's proposed order as the commission's order.

This is the application of Charlie Stagg, d/b/a Charlie Stagg Trailer Sales, for a certificate of public convenience and necessity to operate an auto transportation company as a common carrier of house trailers, also known as mobile homes, by the tow-a-way method, to, from and between all points and places in Palm Beach, Broward, Dade and Monroe counties. Applicant is engaged in business at 2015 West Dixie Highway, North Miami Beach, where he buys and sells trailers, operates a repair shop for trailers, maintains an area for outside parking of trailers and a building for inside or "dry" storage of trailers. He has had approximately 14 years experience in moving and transporting trailers, and during the past seven years has confined his trailer movements to the area described in his application. He has a one-ton Dodge truck, a three-quarter ton Dodge truck and a jeep, which he uses in hauling trailers. He filed his application shortly after he learned it was necessary for him to obtain authority for this transportation service.

In addition to his own testimony, applicant produced six witnesses in support of his application, who are dealers in trailers or operators of trailer parks. One of these witnesses was Herbert F. Goldberger, who is a past president of the Florida Mobile Home Association, and has been a dealer in trailers for approximately 18 years. He appeared and testified at the hearing on May 4, 1956 in support of the application of Morgan Drive Away, Inc. All of these witnesses testified to the need and demand for this additional service which applicant seeks to render in the four counties named in his application.

The two protestants produced their representatives, who testified that their companies had adequate facilities and were able to furnish the proposed service in this area. Both protestants are engaged principally in interstate and long distance hauls. Each protestant has approximately 500 pieces of equipment, which they operate under a permanent lease agreement, with the owners of the equipment serving as drivers. They maintain so-called terminals at different points in the state, where they are listed in the telephone directories and rent desk space at some trailer park. Their investment in Florida for furnishing local service is very limited. It clearly appears from the testimony that the two protestants have failed to provide the transportation service which the owners of trailers need and demand for short movements in local areas.

After due consideration of the testimony adduced at the hearing in this cause, the commission finds that public convenience and necessity require that applicant be granted a certificate authorizing the common carriage of house trailers between all points and places

in Palm Beach, Broward, Dade and Monroe Counties, Florida, over irregular routes; further, that applicant is qualified, financially and otherwise, to conduct the proposed transportation service.

It is therefore ordered—

That certificate of public convenience and necessity #547 be, and the same is, hereby issued to Charlie Stagg, d/b/a Charlie Stagg Trailer Sales, 2015 West Dixie Highway, North Miami Beach, authorizing the operation of an auto transportation company as a common carrier of house trailers, also known as mobile homes, by the tow-a-way method, to, from and between all points and places in Palm Beach, Broward, Dade and Monroe counties.

That applicant file with the commission evidence of compliance with the commission's rules and regulations governing insurance and tariff, and that applicant make proper reports to the state comptroller relative to mileage tax.